CARAWAY, J.,
dissenting.
| ¡The jury concluded that the facts of this crime presented a case of manslaughter. An ongoing antagonistic relationship existed between the defendant, his brothers and the victim. In the short time before the shooting, the parties’ fight had provoked the defendant. In fact, by the time of the offense, two rounds of mutual fist-fighting had ensued between the men. White was not a bystander. He actively engaged in the brawl only a short time before he obtained a weapon and shot toward the victim from the driveway, outside the carport. The physical evidence showed that only two shots were fired. Two shell casings were located in the driveway. Bullet impacts were found at the back of the carport and on a side mirror of a car parked under the carport. Blood stains were found in front of the car, at the back of the carport. The wounds inflicted on the victim suggest a random type of shooting which was not at close range.
This overall view of the evidence coupled with the defendant’s initial confession of the crime to a neighbor could be weighed by the jury and determined to amount to the crime of manslaughter. A reasonable measure of the criminal intent could determine a reckless unintended homicide by a humiliated youthful combatant sufficiently provoked in the heat of passion. Therefore, by the definition of the crime of manslaughter, the culpability of this of *283 fender as determined by the jury is not of the same magnitude of a murderer.
Discarding this unanimous verdict of the jury, the trial court expressed its belief that the jury reached a compromise verdict and that the crime committed was second degree murder. The maximum manslaughter | ¡.sentence for this youthful first offender was then imposed. The majority now agrees with the trial court that the facts do not allow for the jury’s manslaughter verdict which is only permissible as a compromise verdict.
The proper perspective from which to approach sentence review accords paramount importance to the nature of the conduct proved at trial. With Louisiana’s responsive verdict scheme, the jury is provided the discretion to return verdicts for lesser included offenses against the weight of the evidence present at trial. The trial court in sentencing and the reviewing court may assess whether the crime for which defendant has been convicted adequately describes his conduct when the conviction is for a lesser included responsive offense of the crime charged. State v. Lewis, 09-1404 (La.10/22/10), 48 So.3d 1073, 1077-1078.
When I follow these dictates of the Louisiana Supreme Court, I cannot say that the jury’s manslaughter verdict was against the weight of all evidence presented at trial, making it a compromise verdict for what was clearly a second degree murder. The choice between the competing views of the evidence was the jury’s. Therefore, the conclusion of manslaughter adequately describes the defendant’s conduct in this case, and the sentence must be assessed for that crime.
A sentence at or near the maximum should ordinarily apply only to the most blameworthy offenders committing serious violations of the described offense. State v. LeBlanc, 09-1355 (La.7/6/10), 41 So.3d 1168. While this manslaughter was committed with a gun and is deserving of an upper range sentence, the trial court’s imposition of the maximum sentence on this youthful first offender was an abuse of discretion.